1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES ONEAL BELVINS, JR.,                No.  2:24-cv-1792 AC P

12          Plaintiff,

13      v.                                    ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   HOWELL, et al.,

15          Defendants.

16

17        Plaintiff is a county inmate who filed this civil rights action under 42 U.S.C. § 1983

18   without a lawyer.  He has requested leave to proceed without paying the full filing fee for this

19   action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot

20   afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

21   proceed in forma pauperis is granted.[1]

22   ////

23   ////

24

25   [1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that
     are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As
26   part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust
     account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency
27   requires monthly payments of twenty percent of the prior month's income to be taken from
     plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.
28   See 28 U.S.C. § 1915(b)(2).

                                              1

1    I.    Statutory Screening of Prisoner Complaints

2    The court is required to screen complaints brought by prisoners seeking relief against "a

3   governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

4   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

5   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

6   monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

7    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9   Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

10  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

11  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

12  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a

13  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

14  Franklin, 745 F.2d at 1227-28 (citations omitted).

15   "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

16  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

17  what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

18  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

19  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

20  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,

21  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure

22  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

23  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

24  speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain

25  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

26  cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

27  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

28  ////

1      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

3  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

4  content that allows the court to draw the reasonable inference that the defendant is liable for the

5  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

6  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

7  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

8  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

10     II.    Factual Allegations in the First Amended Complaint[2]

11     Plaintiff's first amended complaint ("FAC") alleges that defendants Howell, a state court

12  judge, and Gire and Norris, district attorneys, violated his constitutional rights under the Eighth

13  and Fourteenth Amendments to the United States Constitution.  ECF No. 6. Specifically, plaintiff

14  alleges that defendant Howell belatedly heard and denied plaintiff's writ of discovery in his

15  pending criminal case in Placer County, People v. Belvins, James Oneal Jr., No. 62-193907

16  ("People v. Belvins"),[3] id. at 15; denied plaintiff's motion to dismiss the charges against him,

17  even though the district attorneys on the case had committed perjury in the charging documents,

18  id. at 3-4; and set plaintiff's bail in the amount of $100,000 for failure to appear, which plaintiff

19  asserts is cruel and unusual punishment.  Id. at 10.  Plaintiff was also denied standby counsel at

20  his Faretta[4] hearing.  Id. at 4.

---

[2]  Before the court could screen the complaint, plaintiff filed ECF No. 8, which has been docketed and will be referred to as the first amended complaint ("FAC").  Because an amended complaint supersedes a prior complaint, Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012), the court will screen the FAC.

[3]  The court takes judicial notice of Superior Court of California County of Placer case People v. Belvins, James Oneal Jr., No. 62-193907, available at https://webportal.placerco.org/eCourtPublic/?q=node/45/1166024.  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citations omitted)); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[4]  Faretta v. California, 422 U.S. 806 (1975).

3

1    Plaintiff also alleges that he filed the writ of discovery because the district attorneys failed

2    to produce all discovery requested, including a copy of the warrant supported by probable cause,

3    id. at 15, and that after he filed his motion to dismiss the criminal charges, defendant Norris

4    retaliated against him by filing a new felony complaint charge against plaintiff for failing to

5    appear for a court date two months prior. Id. at 10.  Plaintiff further alleges that defendants

6    Norris and Gire committed perjury in his criminal case when they filed an information and felony

7    complaint that stated plaintiff had been convicted of California Penal Code ("CPC") § 211, when

8    he had been convicted of a charge under CPC 212.5, and that plaintiff's performance on probation

9    was unsatisfactory, when plaintiff had in fact completed probation in 2022. Id. at 3-4, 11.

10    Defendant Gire submitted the charging documents and defendant Norris signed them under

11    penalty of perjury. Id. at 3-8, 12-14.

12    In support of his allegations, plaintiff attaches the Information and a writ of discovery

13    from People v. Belvins, a law enforcement record regarding prior arrests and charges, and the

14    Felony Complaint in People v. Belvins, No. 62-198966,[5] which was consolidated into People v.

15    Belvins. Id. at 5-9, 12-14, 17-18.  By way of relief, plaintiff seeks an order from the court

16    dismissing his criminal case in Placer County. Id. at 19.

17        III.    Failure to State a Claim

18    Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds

19    that the complaint does not state a valid claim for relief against any defendant.

20        A.  Defendant Howell

21    To the extent plaintiff may be attempting to seek damages from defendant Howell, he

22    cannot do so because defendant Howell is absolutely immune from liability under § 1983.

23    Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (judges acting within the course and scope of their

24    judicial duties are absolutely immune from liability for damages under § 1983).  To overcome

25    judicial immunity, plaintiff must allege that defendant Howell's actions were either

26

27    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
      [5] The court also takes judicial notice of Superior Court of California County of Placer case
      People v. Belvins, James Oneal Jr., No. 62-198966.  See United States ex rel. Robinson

28    Rancheria Citizens Council v. Borneo, Inc., 971 F.2d at 248; Fed. R. Evid. 201(b)(2).

1    (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484

2    U.S. 219, 227-29 (1988), or (2) taken in the complete absence of all jurisdiction, Stump v.

3    Sparkman, 435 U.S. 349, 356–57 (1991).  Plaintiff has alleged neither, and it does not appear that

4    he can.  Setting bail and denying discovery and dispositive motions fall squarely within the scope

5    of functions "normally performed by a judge," and were done while Judge Howell was acting in

6    the capacity of a judge in plaintiff's criminal case.  See Atkinson-Baker & Associates, Inc. v.

7    Kolts, 7 F.3d 1452 (9th Cir. 1993) (Judicial acts are those involving the performance of the

8    functions of resolving disputes between parties, or of authoritatively adjudicating private rights."

9    (citations and internal quotations omitted)); Franceschi v. Schwartz, 57 F.3d 828, 830-31 (9th Cir.

10    1995) (commissioner entitled to judicial immunity because setting bail is a "judicial act").

11    　　　Additionally, to the extent plaintiff is seeking a reduction in bail or dismissal of his

12    criminal case, he also fails to state a claim for such injunctive relief.  The Supreme Court has

13    "never held that judicial immunity absolutely insulates judges from declaratory or injunctive

14    relief with respect to their judicial acts."  Supreme Court of Va. v. Consumers Union of the

15    United States, Inc., 446 U.S. 719, 736-37 (1980); see also Pulliam v. Allen, 466 U.S. 522, 541-42

16    (1984) (judicial immunity does not bar prospective injunctive relief); Ashelman v. Pope, 793 F.2d

17    1072, 1075 (9th Cir. 1986) (judicial and prosecutorial immunity "does not extend, however, to

18    actions for prospective injunctive relief").  However, section 1983 provides that "in any action

19    brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

20    *injunctive relief* shall not be granted *unless* a declaratory decree was violated or declaratory relief

21    was unavailable."  42 U.S.C. § 1983 (emphasis added).  Accordingly, to allege a § 1983 claim for

22    injunctive relief against defendant Howell, plaintiff would need to allege defendant Howell

23    violated a declaratory decree or that plaintiff was unable to appeal defendant Howell's rulings,

24    which he has not done.  Even if he had, the injunctive relief he seeks is now moot.

25    　　　On December 2, 2024, after the filing of this case, a jury in People v. Belvins found

26    plaintiff guilty of two felony charges and one misdemeanor charge, and that the allegations of

27    circumstances in aggravation and special allegations of prior serious or violent felony were true.

28    Since plaintiff has been convicted, the injunctive relief he seeks, whether reduction of bail,

1    production of discovery, and/or dismissal of the criminal charges, is moot.  See Ashelman v.

2    Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (finding that although immunity did not extend to

3    prospective injunctive relief, plaintiff's claim for such relief was no longer available because

4    plaintiff's criminal proceedings were over); Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) (per

5    curiam) ("Hunt's claim to pretrial bail was moot once he was convicted." (italics omitted)).

6    Considering his conviction, the proper avenue for challenging his conviction is to file a direct

7    appeal in state court, which it appears plaintiff has done, see People v. Belvins, No. C102867

8    (Cal. App. 3rd) (appeal filed January 10, 2025),[6] and seek habeas relief.  Nettles v. Grounds, 830

9    F.3d 922, 933 (9th Cir. 2016) (en banc) ("habeas corpus is the exclusive remedy to attack the

10   legality of the conviction or sentence").

11        Accordingly, claims against defendant Howell regarding his decisions in People v. Belvin

12   are barred by judicial immunity or should be dismissed as moot.

13              B.  Defendants Norris and Gire

14        Plaintiff does not state he is seeking monetary damages.  However, out of an abundance of

15   caution, the undersigned finds that to the extent plaintiff seeks damages from defendants Norris

16   and Gire, he is unable to state a claim for such relief.

17        As an initial matter, prosecutorial immunity may bar a damages suit against them.  Imbler

18   v. Pachtman, 424 U.S. 409, 430-31 (1976) (a § 1983 suit seeking monetary damages against "a

19   state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a

20   criminal prosecution" is barred by prosecutorial immunity); Patterson v. Van Arsdel, 883 F.3d

21   826, 829 (9th Cir. 2018) (even acts committed in bad faith within the scope of their quasi-judicial

22   duties must be dismissed on grounds of prosecutorial immunity); but see Kalina v. Fletcher, 522

23   U.S. 118, 126, 129-131 (1997) (a prosecuting attorney who executes a supporting certification

24   "under penalty of perjury," when state law and federal law does not require a certification from

25   the prosecutor, is protected only by qualified immunity).  Even if it does not, his claims for

26   damages would be barred by Heck v. Humphrey, 512 U.S. 477 (1994).

27

28   [6]  The court also takes judicial notice of plaintiff's appeal in People v. Belvins.

6

1    A claim to recover monetary damages is not cognizable under § 1983 if success on the

2    claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Heck v.

3    Humphrey, 512 U.S. 477, 487 (1994).  To recover damages, "a § 1983 plaintiff must prove that

4    the conviction or sentence has been reversed on direct appeal, expunged by executive order,

5    declared invalid by a state tribunal authorized to make such determination, or called into question

6    by a federal court's issuance of writ of habeas corpus."  Id. at 486-87.  Here, it appears plaintiff

7    may be attempting to state a malicious prosecution claim against defendants Norris and Gire.  To

8    prevail, plaintiff "must show that the defendants prosecuted [him] with malice and *without*

9    *probable cause*, and that they did so for the purpose of denying [him] equal protection or another

10    specific constitutional right."  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004)

11    (citation and quotations omitted) (emphasis added).  Because judgment in favor of plaintiff on a

12    malicious prosecution claim would necessarily imply the invalidity of his conviction or sentence,

13    his civil claims for damages against defendants Norris and Gire are barred by Heck.

14    To the extent plaintiff seeks injunctive relief against defendants Norris and Gire, his claim

15    should be dismissed as moot.  Once criminal proceedings are over, prospective relief regarding

16    those proceedings is no longer available.  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986)

17    (finding that although judicial and prosecutorial immunity did not extend to prospective

18    injunctive relief, plaintiff's claim for such relief was no longer available because plaintiff's

19    criminal proceedings were over); see also Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) (per

20    curiam) ("Hunt's claim to pretrial bail was moot once he was convicted." (italics omitted)).

21    Now that plaintiff has been convicted of the criminal charges in People v. Belvins, he cannot

22    pursue injunctive relief in the form of dismissal of those charges.  Rather, his request for relief, is

23    now more appropriately construed as a challenge to his conviction and/or sentence.  As noted

24    above, a challenge to a conviction or sentence can only be remedied through direct appeal or

25    habeas relief.  Plaintiff's appeal in People v. Belvins is currently pending.

26    Moreover, to the extent plaintiff seeks to state a claim of perjury, he cannot do so because

27    there is no private right of action that would enable him to assert such a claim in a civil suit.  See

28    Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994)

1    ("We have been quite reluctant to infer a private right of action from a criminal prohibition

2    alone"); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no

3    basis for civil liability"); Bauer v. Elrich, 8 F.4th 291, 295 (4th Cir. 2021) (no private right of

4    action under federal perjury statute, 18 U.S.C. § 1621); Khanna v. Randhawa, No. C-07-5136

5    EMC,  2007 WL 9702951, at *3, 2007 U.S. Dist. LEXIS 111691, at *7-8 (N.D. Cal. Dec. 4,

6    2007), report and recommendation adopted, 2008 WL 11408987, 2008 U.S. Dist. LEXIS 139093

7    (N.D. Cal. Jan 11, 2008), aff'd, 388 Fed. App'x 688 (9th Cir. 2010) ("18 U.S.C. § 1621 . . . does

8    not expressly provide for a private right of action for perjury").

9        IV.    Conversion to Habeas

10        In situations like these, the court considers whether to convert plaintiff's § 1983 case into

11   a habeas case.  Here, the court should decline to offer plaintiff the option to convert his case

12   because it appears his claims have not been exhausted.  See 28 U.S.C. § 2254(b)(1) (a petition for

13   writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the

14   remedies available in the courts of the State; or there is an absence of available State corrective

15   process" or circumstances render the process ineffective); see Middleton v. Cupp, 768 F.2d 1083,

16   1086 (9th Cir. 1985) (the exhaustion requirement is met by providing the highest state court with

17   a full and fair opportunity to consider all claims before presenting them to the federal court).  A

18   search of the California Supreme Court's case information website shows plaintiff has not filed

19   anything in that court since 1998, well before his conviction in People v. Belvins.

20        V.    No Leave to Amend

21        Leave to amend should be granted if it appears possible that the defects in the complaint

22   could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31

23   (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

24   cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United

25   States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

26        The undersigned finds that, as set forth above, the FAC fails to state a claim upon which

27   relief may be granted and that given the nature of the claims, amendment would be futile.  The

28   complaint should therefore be dismissed without leave to amend.

1    VI.    Plain Language Summary of this Order for a Pro Se Litigant

2        Your request to proceed in forma pauperis is granted.  That means you do not have to pay

3    the entire filing fee now.  You will pay it over time, out of your trust account.

4        It is being recommended that your complaint be dismissed without leave to amend

5    because you cannot seek any relief against defendant Howell, the judge who ruled against your

6    motions and set your bail in your criminal proceedings, and because you cannot seek relief and

7    have not stated a § 1983 claim against defendants Norris, Gire, and/or Placer County District

8    Attorney's Office.  Now that you have been convicted of the charges in People v. Belvins, the

9    relief you sought in your complaint—dismissal of your criminal charges—is no longer available.

10    To the extent you believe your rights were violated during those proceedings, you can challenge

11    the conviction and/or sentence through a direct appeal, as you have already done, and through

12    habeas proceedings.  Although the court could convert this complaint into a habeas petition, it

13    will not do so at this time, as it is clear you have not provided the California Supreme Court with

14    a full and fair opportunity to consider all your claims.

15    VII.    Conclusion

16        In accordance with the above, IT IS HEREBY ORDERED that:

17        1.    Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

18        2.    Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

19    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

20    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

21    appropriate agency filed concurrently herewith.

22        3.    The Clerk of the Court shall randomly assign a United States District Judge to this

23    action.

24        IT IS FURTHER RECOMMENDED that the first amended complaint (ECF No. 6) be

25    dismissed without leave to amend for failure to state a claim for relief.

26        These findings and recommendations are submitted to the United States District Judge

27    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

28    after being served with these findings and recommendations, plaintiff may file written objections

9

1    with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

2    and Recommendations."  Plaintiff is advised that failure to file objections within the specified

3    time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

4    (9th Cir. 1991).

5    DATED: July 21, 2025

6    ALLISON CLAIRE

7    UNITED STATES MAGISTRATE JUDGE